13-3703
*Visels Drug Store, Inc. v. Drug Enforcement Administration*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 7th day of November, two thousand fourteen.

Present:    ROBERT A. KATZMANN,
                  *Chief Judge*,
            PETER W. HALL,
            SUSAN L. CARNEY,
                  *Circuit Judges.*

_____

VISELS DRUG STORE, INC.,

         *Petitioner*,

         - v -                                    No. 13-3703

DRUG ENFORCEMENT AGENCY,

         *Respondent.*

_____

For Petitioner:          ALAN J. SOBOL and Michael Alan Kurs, Pullman &
                         Comley, LLC, Hartford, CT

For Respondent:          ANITA J. GAY (Lena Watkins, on the brief), Trial
                         Attorneys, United States Department of Justice, Criminal
                         Division, Washington, D.C.

1

Petition for review of the Drug Enforcement Administration's denial of an application for a waiver pursuant to 21 C.F.R. § 1307.03.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the petition for review is **GRANTED** in part, and **DENIED** in part.

Petitioner Visels Drug Store, Inc. ("Visels") petitions for review of a Drug Enforcement Administration ("DEA") decision to deny its application for a waiver of a regulatory provision prohibiting a registered pharmacy from "employ[ing], as an agent or employee who has access to controlled substances, any person who has been convicted of a felony offense relating to controlled substances." 21 C.F.R. § 1301.76(a). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Visels petitions this Court for review under 21 U.S.C. § 877, arguing that the DEA's denial of its request was arbitrary and capricious. While § 877 provides for judicial review of final DEA decisions, it does not specify a standard to apply in reviewing the DEA's discretionary decisions such as the one at issue in this case. Accordingly, the Administrative Procedure Act ("APA") "provides the appropriate default standard: A court must set aside agency action it finds to be 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Tourus Records, Inc. v. DEA*, 259 F.3d 731, 736 (D.C. Cir. 2001) (quoting 5 U.S.C. § 706(2)(A) (2000)). Under that standard, we must find the DEA's decision to be "arbitrary and capricious if the agency . . . entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins.*

2

*Co.*, 463 U.S. 29, 43 (1983). Conversely, to "uphold DEA's decision, then, we must satisfy ourselves 'that the agency examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'" *Morall v. DEA*, 412 F.3d 165, 177 (D.C. Cir. 2005) (quoting *El Rio Santa Cruz Neighborhood Health Ctr. v. United States Dep't of Health & Human Servs.*, 396 F.3d 1265, 1276 (D.C. Cir. 2005) (brackets omitted)).

In applying for a waiver of 21 C.F.R. § 1301.76(a), Visels argued that granting such a waiver was in the public interest because, *inter alia*, it would benefit the community in which Visels is located. On appeal, Visels contends that the DEA was obligated to consider these benefits to the community as part of its inquiry into whether granting the waiver would serve the public interest. This argument is based on two assumptions: (1) the DEA was required to grant the waiver if doing so would serve the public interest and (2) the "public interest," within the meaning of the Controlled Substance Act's regulatory regime, includes effects on the local community. Both of these assumptions are incorrect.

The DEA is under no obligation to grant a waiver application even if doing so would serve the "public interest." Under 21 C.F.R. § 1301.76(a), a pharmacy registered to dispense controlled substances "shall not employ, as an agent or employee who has access to controlled substances, any person who has been convicted of a felony offense relating to controlled substances." However,

> [a]ny person may apply for an exception to the application of [this] provision of this chapter by filing a written request with the [DEA], stating the reasons for such exception. . . . The Administrator *may* grant an exception *in his discretion*, but in no case shall he/she be required to grant an exception to any person which is otherwise required by law or the regulations cited in this section.

3

21 C.F.R. § 1307.03 (emphasis added). Thus, the Administrator of the DEA is not required by statute or regulation to grant a waiver, but is authorized to do so in its discretion.

Relatedly, Visels argues that, in considering such a waiver request, the DEA must consider the benefits that Funaro, Jr. and Visels provide to the local community, which, in its view, is "an important aspect of the problem.'" Pet. Br. at 15 (quoting *State Farm*, 463 U.S. at 43). However, Visels has not identified any provision, either in the relevant regulations or the DEA's internal standard, that requires the DEA to consider the public interest or the benefit to a pharmacy's local community. In making its discretionary decision on a waiver request, the DEA considers a list of seven factors which is set forth in a memorandum from the Chief of the Office of Diversion Control to the Diversion Program Manager charged with investigating Visels's request. *See* J. App'x 122; *see also* J. App'x 118 –19. None of the factors has relates to providing support or services to low-income communities. *See* J. App'x 122. These factors are instead focused on protecting the public from the harms that an illicitly-operating pharmacy may create. *See id*. Accordingly, as there is no indication that the benefit to the local community is a factor that the DEA is obligated to consider, there is no basis to conclude that the DEA acted arbitrarily and capriciously by declining to address the application materials regarding those benefits. *See LaFleur v. Whitman*, 300 F.3d 256, 280 (2d Cir. 2002) (finding that the agency did not err by failing to address irrelevant evidence).

In a similar vein, Visels argues that the DEA failed to consider the relevant factors, as evidenced by the fact that the DEA's denial letter does not mention certain application materials. Specifically, Visels contends that the DEA failed to consider materials including: the letters and other evidence of Funaro Jr.'s good character; Judge Droney's sentencing decision; Funaro, Jr.'s good behavior in the years since his conviction; the fact that Funaro, Jr. was reinstated as a

4

Connecticut-licensed pharmacist and federal healthcare program provider; and Funaro, Sr.'s commitment to implement any oversight procedure that the DEA requires.

But there is no basis to conclude that the DEA ignored relevant materials. In the ordinary course, we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). In denying Visels's request, the DEA explicitly acknowledged that Funaro, Jr. was reinstated by the Connecticut Commission of Pharmacy and as a provider of federal healthcare programs, and described its concerns regarding oversight in the proposed plan. Visels has provided no reason to believe that the DEA disregarded this information. The same is true of the evidence showing the impact on the local community, which, as explained above, the DEA was not required to consider in the first place. Finally, to the extent that Visels argues that the DEA was required to explicitly address each individual piece of evidence, it is incorrect as a matter of law. *See id.*; *Morall*, 412 F.3d at 173–74. Ultimately, because the record makes clear that the DEA "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made," *State Farm*, 463 U.S. at 43 (internal citation omitted), we have no trouble concluding that the DEA did not act arbitrarily or capriciously in denying Visels's request for a waiver.

Visels also argues that it "has a right to review . . . [of the DEA's] statement about Funaro, Jr.'s possession of keys and building access pursuant to . . . 21 U.S.C. § 877." Pet. Reply Br. at 10. The denial letter states:

> If Mr. Funaro, Jr. is employed at Visel's Drug Store, Inc. without having access to, or influence over, controlled substances, his possession of keys or other security access to the building and pharmacy is prohibited. If these procedures are not followed, the DEA registration of Visel's Drug Store, Inc. will be placed in jeopardy.

5

J. App'x 132. Visels challenges this prohibition as arbitrary and capricious, and the DEA responds that the statement was merely "advice . . . relating to the requirement of 21 C.F.R. § 1301.76(a) that Funaro, Jr. not have access to or influence over controlled substances," Resp'ts Br. 23, and thus does not constitute an agency decision subject to our review.

Section 877 grants this Court jurisdiction to review final decisions of the Attorney General. 21 U.S.C. § 877.[1] "As a general matter, two conditions must be satisfied for agency action to be 'final': First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal citations and quotation marks omitted); *see Paskar v. U.S. Dep't of Transp.*, 714 F.3d 90, 96 (2d Cir. 2013).

It is uncontested that the denial letter constitutes the DEA's final decision as to Visels's waiver and Funaro, Jr.'s corresponding rights with respect to controlled substances. Thus, with regard to the explicit prohibition imposed on Funaro, Jr., the DEA's argument is without merit. To begin, the plain language of the prohibitory sentence reads not as advice, but as a mandate, and one that limits Funaro, Jr.'s access beyond the existing status quo. In addition, because the DEA failed to include in the denial letter itself the clarification it now seeks to advance, and since it is uncontested that the letter expressly constitutes a "final decision" on the issue of Funaro, Jr.'s ability to dispense controlled substances, the mandate is most appropriately construed as part of that final decision.

---

[1] Because the statute does not define "final," we again look to the APA for guidance. *See John Doe, Inc. v. DEA*, 484 F.3d 561, 565-66 (D.C. Cir. 2007); *see also Paskar v. U.S. Dep't of Transp.*, 714 F.3d 90, 96 (2d Cir. 2013).

An agency decision may be deemed arbitrary and capricious if we cannot conclude "from the record that the agency examined the relevant data and articulated a satisfactory explanation for its action," or that the decision does not "reveal a rational connection between the facts found and the choice made." *Islander East Pipeline Co. v. McCarthy*, 525 F.3d 141, 151 (2d Cir. 2008) (internal citations and associated punctuation omitted). The DEA fails to provide any such explanation or rational connection to support this component of its decision. The denial letter acknowledges that Funaro, Jr. does not currently have access to controlled substances and then inexplicably imposes an additional limitation. The record contains no indication that Funaro, Jr.'s general ability to access the pharmacy creates any risk of his accessing the controlled substances in light of existing safeguards. Accordingly, we vacate that portion of the DEA's waiver denial that prohibited Funaro, Jr. from possessing keys or otherwise having security access to Visels as arbitrary and capricious and remand for further consideration. *See Watson v. Geren*, 569 F.3d 115, 128 (2d Cir. 2009).

We have considered Visels's remaining arguments and find them to be without merit. For the reasons stated herein, we **VACATE** the DEA's decision to prohibit Edmund Funaro, Jr. from possessing keys and otherwise limiting his access to Visels Pharmacy beyond the existing limitations on Funaro, Jr.'s access to controlled substances, and remand the case to the DEA for further consideration. We **DENY** the petition in all other respects.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK